**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| TRACEY McCARTHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1614 CAS |
| ) | |
| WEBSTER UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is plaintiff's "Motion to Compel Defendant's Compliance With Deposition Discovery Rules." The motion will be denied without prejudice for plaintiff's failure to comply with the Federal Rules of Civil Procedure and the Local Rules of this Court.

In her motion, plaintiff, who is proceeding pro se, seeks relief from having to return to deposition. The Court, therefore, construes plaintiff's motion as a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c). Under Rule 26(c), "[a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . [However, t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c) (emphasis added).

In addition, Local Rule 3.04(A) also requires a certificate good faith effort to confer:

> The Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach an accord. This statement also shall recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel.

E.D. Mo. L.R. 3.04(A) (emphasis added).

Plaintiff attached to her motion correspondence she sent to defense counsel. There is nothing in this correspondence to suggest that plaintiff made a reasonable effort to confer in person or by telephone with defense counsel, as required by the rules. The sending of correspondence concerning discovery is insufficient to constitute a good faith attempt to resolve a dispute. As a result of plaintiff's failure to comply with Federal Rule of Civil Procedure 26(c) and Local Rule 3.04(A), the Court will not consider the instant motion and will deny the same without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel, which the Court construes as a motion for protective order pursuant to Federal Rule of Civil Procedure 26(c), is **DENIED without prejudice.** [Doc. 65]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send a copy of this Memorandum and Order to plaintiff at the following two addresses: 6908 Lexington, St. Louis, MO 63121, and 2801 S. Federal Highway #22273, Fort Lauderdale, FL, 33316.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this __2nd__ day of October, 2012.