UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY MCCARTHY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:11-CV-1614 CAS |
| | ) |
| WEBSTER UNIVERSITY, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Pending before the Court is defendant Webster University's motion for sanctions pursuant to Rules 37 and 30 of the Federal Rules of Civil Procedure. Defendant moves the Court to dismiss plaintiff's case for her failure to comply with a discovery order, for failing to appear for a noticed deposition, and for failing to provide her telephone number as ordered by the Court. Plaintiff did not file a written opposition to this motion. A hearing was held in this matter on November 7, 2012, at which counsel for defendant appeared, as did plaintiff, who is proceeding pro se. As stated by the Court from the bench, defendant's motion for sanctions is granted in part.

*Background*

On August 13, 2012, defendant filed a motion to compel. Plaintiff had not provided defendant with written responses to its documents requests, and had not executed full medical releases, as required. On September 25, 2012, the Court held a hearing on the motion to compel. Despite being properly noticed, plaintiff did not appear for the hearing. The Court heard defendant's argument and granted the motion. In an Order dated September 27, 2012, the Court ordered that:

> No later than October 8, 2012, plaintiff Tracey McCarthy shall provide defendant with written responses to defendant's request for production of documents. Plaintiff

>shall also provide all documents responsive to document request No. 6, and she shall execute full medical record authorizations.

In the same Order, plaintiff was ordered to provide the Court with written notice of her telephone number. Plaintiff was warned in the Order that her failure to comply might result in dismissal.

Plaintiff did not comply with the terms of this Order. Plaintiff did execute medical releases, but she only provided written responses to four of the fifty-eight document requests. She was also late in filing notice of her telephone number and the number she provided, the Court later learned, was the number of the Legal Studies Department at the University.

At the hearing on defendant's motion for sanctions, plaintiff had no valid excuse for failing to comply with the Court's Order. She merely stated that she did not fully understand what she had been ordered to do. Although plaintiff is proceeding in this matter pro se, she is a licensed attorney who teaches legal studies at Webster University.

On October 2, 2012, defendant served plaintiff with a deposition notice. Plaintiff was notified that defendant intended to take her deposition on October 22, 2012. According to defense counsel, before he served the notice he attempted to contact plaintiff to schedule the deposition, but he was unable to reach her. Plaintiff did not file a motion for a protective order in response to the deposition notice. She did not appear for her deposition, or give defendant advance notice that she would not appear. Also, when defense counsel attempted to call plaintiff the morning of the deposition after she did not appear, counsel learned that she had only provided him and the Court with a general telephone phone number for her department at the University, and not a direct number where she could readily be reached.

At the hearing on defendant's motion for sanctions, plaintiff argued that she was not required to sit for deposition because defendant took her deposition last spring. Defense counsel did take

plaintiff's deposition in May 2012, but at the time he was unable to complete the deposition. Plaintiff agreed on the written record that the parties would leave the record open, and that they would complete the deposition in the fall. Defendant provided the Court with the relevant portion of the deposition transcript.

### *Discussion*

Federal Rule of Civil Procedure 37 authorizes the Court to impose sanctions upon a party who fails to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3) prejudice to the other party. Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000). A dismissal with prejudice is "an extreme sanction," and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, Minn., 203 F.3d 524, 527 (8th Cir. 1999). "This does not mean that the district court must find that the [party] acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'" Id. (quoted case omitted).

Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate." Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000) (cited case omitted). A district court, however, need not impose the least onerous sanction available, but the most appropriate under the circumstances. Id. See also In re Popkin & Stern, 196 F.3d 933, 938 (8th Cir. 1999) (the "sanction must be proportionate to the litigant's transgression."). Also, when a litigant's conduct "abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." Keefer, 238 F.3d at 941.

3

Here, plaintiff disregarded a Court Order compelling discovery responses. She failed to provide written responses to all the document requests as ordered. She also did not appear for a deposition for which she received proper notice. She did not seek relief from the Court after the deposition notice was served, or even call defendant's counsel to let him know she would not appear.

Furthermore, the Court finds defendant has been prejudiced by plaintiff's actions. Defendant has waited eight months for responses to its document requests. Defendant incurred the costs of filing a motion to compel, and plaintiff still has not responded fully to the document requests, despite being ordered to do so. In addition, although plaintiff agreed to return to finish her deposition, plaintiff deliberately ignored a deposition notice and refused to sit for deposition. Plaintiff's failure to cooperate in the discovery process has precluded defendant from exploring the full extent of her claims. Moreover, under the Amended Case Management Order entered in this case, discovery has closed and dispositive motions are due November 30, 2012, so plaintiff's conduct may also affect the Court's ability to manage the orderly progression of this case.

In the Court's view, plaintiff, who is a licensed lawyer herself, has behaved as if the rules of this Court do not apply to her. She ignored the Court's Order, and deliberately disregarded her discovery obligations. Although the Court believes that plaintiff's conduct verges on warranting dismissal of her case, it finds that dismissal is too drastic a remedy at this time. Instead, as stated at the hearing, the Court will require plaintiff to provide defendant with her written discovery responses by Friday afternoon. She will be required to return to deposition for three hours, and to provide the Court with a telephone number where she can be readily reached. The Court also finds that a fine is appropriate as a sanction under the circumstances. Plaintiff has exhibited a pattern of intentional delay for which a sanction is warranted, and the imposition of a fine may increase the

4

likelihood that plaintiff will take her litigation obligations more seriously in the future. The Court further finds defendant is entitled to the costs and attorneys' fees it incurred in pursuing this motion and its motion to compel. Defendant will be ordered to produce documents to support an award of attorneys' fees and costs.

Accordingly,

**IT IS HEREBY ORDERED** that consistent with the terms of this Memorandum and Order, defendant Webster University's motion for sanctions is **GRANTED in part**. [Doc. 71]

**IT IS FURTHER ORDERED** that on or before **4:00 p.m.** on **Friday November 9, 2012,** plaintiff Tracey McCarthy shall fully and completely respond, without any objections, to defendant's written document requests.

**IT IS FURTHER ORDERED** that on or before **November 21, 2012,** plaintiff Tracey McCarthy shall sit for deposition. The deposition shall last no more than three hours.

**IT IS FURTHER ORDERED** that on or before **November 13, 2012,** plaintiff Tracey McCarthy shall file written notice with the Court of her telephone number where she can be readily reached.

**IT IS FURTHER ORDERED** that plaintiff Tracey McCarthy shall remit the sum of Five Hundred Dollars ($500.00) to the Clerk of Court, as a sanction for her failure to comply with the Court's Order, no later than **November 23, 2012**.

**IT IS FURTHER ORDERED** that defendant Webster University is entitled to its costs and attorneys' fees incurred in pursuing this motion before the Court and its motion to compel. On or before November 26, 2012, defendant shall produce documents supporting an award of attorneys' fees and costs.

**Plaintiff's failure to comply fully and timely with the terms of this Memorandum and Order will result in dismissal of this action with prejudice.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this     8th     day of November, 2012.