UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRACEY MCCARTHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1614 CAS |
| ) | |
| WEBSTER UNIVERSITY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on the documentation of legal fees filed by defendant Webster University.[1] In a Memorandum and Order dated November 8, 2012, the Court sanctioned plaintiff for discovery violations. Plaintiff is a licensed attorney and is pursuing this matter pro se. The Court found plaintiff had disregarded a Court Order compelling written discovery responses and failed to appear for a deposition for which she had received proper notice. The Court found plaintiff deliberately disregarded her discovery obligations, and that defendant was prejudiced by her actions. In addition to other sanctions against plaintiff, the Court concluded defendant was entitled to its attorneys' fees in pursuing the motion to compel and motion for sanctions. The Court directed defendant's attorneys to file written documentation of the fees defendant had incurred.

Defendant filed a detailed statement of the fees it incurred in pursuing its motion to compel and motion for sanction. The documentation includes a description of the work performed, the date the work was performed, the time expended, the name of the attorney performing the work, and the

---

[1]The Court ordered defendant to file documentation of its legal fees on or before November 26, 2012. Defendant requested and was granted leave to file the document one day out of time. Later, on November 28, defendant filed amended documentation to correct a minor clerical error.

hourly rate charged. Defendant's two attorneys, Travis Kearbey and Dennis Donnelly, spent 38.1 hours pursuing the two motions, totaling $12,438.30 in attorneys' fees. In the narrative section of the document, however, defendant states that it is only seeking an amount of $10,000.00.

The Court has reviewed the fee documentation and finds that the amount of time defense counsel expended on the two motions, which included writing three legal memoranda and attending two hearings, was not unreasonable. The Court does find Mr. Donnelly's proposed rate of $405 an hour to be rather high. See, e.g., Monsanto Co. v. Hargrove, 2012 WL 4358637, at *1 (E.D. Mo. Sept. 24, 2012) (finding rate of $335 per hour for St. Louis partner to be reasonable); Hiltibran v. Levy, 2011 WL 5008018, at *2 (W.D. Mo. Oct. 20, 2011) (finding proposed rate of $350 for St. Louis partner to be reasonable); West v. Matthews Int'l Corp., 2011 WL 3904100, at *3 (E.D. Mo. Sept. 6, 2011) (concluding that hourly rates of $350 for an experienced partner and $250 for a mid-level associate in St. Louis are reasonable). That said, defendant has agreed to a sum of $10,000.00, which divided by the hours expended, amounts to an aggregate attorney rate of $262.47 an hour, which is entirely reasonable for the St. Louis region. Id. Therefore, finding the defendant's documentation for its attorneys' fees to be sufficient and the amount requested reasonable, the Court awards defendant $10,000.00 in attorneys' fees as a sanction against plaintiff pursuant to Federal Rules of Civil Procedure 37 and 30. Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall pay to defendant Webster University the sum of Ten Thousand Dollars ($10,000.00) by January 2, 2013, and shall file a written notice to the Court that she has done so. .

                                                                        **CHARLES A. SHAW**
                                                                        **UNITED STATES DISTRICT JUDGE**

Dated this   11th   day of December, 2012.