## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| TRACEY MCCARTHY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11-CV-1614 CAS |
| ) | |
| WEBSTER UNIVERSITY, ) | |
| ) | |
| Defendant. ) | |

### MEMORANDUM AND ORDER

This matter is before the Court on defendant Webster University's second motion for sanctions against plaintiff Tracey McCarthy. Defendant moves that the Court dismiss plaintiff's case with prejudice because, contrary to Court Orders and her discovery obligations, plaintiff: (1) failed until the date of plaintiff's rescheduled deposition to disclose the name of a counselor she had seen for emotional distress and refused to sign an authorization for the release of medical reports from this provider; (2) failed to review all of her documents, which plaintiff claimed numbered in the thousands, to determine whether they were responsive to defendant's document requests; and (3) failed to provide her written responses to defendant's written document requests in the time allowed by the Court's Order. Plaintiff, formerly pro se but now with the assistance of counsel, opposes defendant's motion. Also before the Court is plaintiff's motion for sanctions against defense counsel. The Court heard oral argument on the motions on January 8, 2013. For the following reasons, the Court will grant defendant's motion and dismiss plaintiff's case with prejudice. Plaintiff's motion for sanctions will be denied.

## I. Background

Plaintiff initially filed her complaint against Webster University on September 16, 2011. Plaintiff, who is a tenured associate professor of legal studies, alleges her employer, Webster University, discriminated against her on the basis of her race, gender, and disability in violation of the Missouri Human Rights Act, Title VII of the Civil Rights Act of 1964, and the Americans with Disabilities Act. Plaintiff also alleges sexual harassment and retaliation. At the time her complaint was filed, plaintiff was represented by attorney Donnell Smith.

Mr. Smith moved to withdraw from this case following mediation. It was apparent from Mr. Smith's motion that the attorney-client relationship had broken down, and on July 10, 2012, the Court granted plaintiff a 30-day withdrawal period to find a new attorney. No other attorney entered an appearance, therefore, plaintiff proceeded in the case pro se.

On August 13, 2012, defendant filed a motion to compel. Plaintiff had not provided defendant with written responses to its document requests and she had not executed full authorizations for medical records, as required. On September 25, 2012, the Court held a hearing on the motion to compel. Despite being properly noticed, plaintiff did not appear for the hearing. The Court heard argument on defendant's motion and granted the motion. In an Order dated September 27, 2012, plaintiff was ordered as follows:

> No later than October 8, 2012, plaintiff Tracey McCarthy shall provide defendant with written responses to defendant's request for production of documents. Plaintiff shall also provide all documents responsive to document request No. 6, and she shall execute full medical record authorizations.

Plaintiff was warned in the Order that her failure to comply might result in dismissal of this action. Plaintiff did not comply with the terms of this Order. Plaintiff did execute medical releases, but she only provided written responses to four of the fifty-eight document requests.

On October 2, 2012, defendant served plaintiff with a deposition notice to take her deposition on October 22, 2012. According to defense counsel, before they served the notice they attempted to contact plaintiff to schedule the deposition, but they were unable to reach her. Plaintiff did not file a motion for a protective order in response to the deposition notice. Plaintiff did not appear for her deposition or give defendant advance notice that she would not appear. Also, when defendant attempted to call plaintiff the morning of the deposition, counsel learned that plaintiff had only provided a general phone number for her work department.

On October 25, 2012, defendant filed a motion for sanctions asking that the Court dismiss plaintiff's case for her failure to comply with the Court's Order and her discovery obligations, including her failure to appear for deposition. The Court held a hearing on the motion on November 7, 2012. Plaintiff appeared at the hearing pro se, however, she is a licensed attorney who teaches legal studies at Webster University.

At the hearing, plaintiff had no valid excuse for failing to comply with the Court's Order. Plaintiff stated merely that she did not fully understand what she had been ordered to do. In regard to the deposition, plaintiff argued at the hearing that she was not required to sit for deposition because defendant had taken her deposition the previous spring. Defense counsel did take plaintiff's deposition in May 2012, but at the time he was unable to complete the deposition. Plaintiff agreed on the written record that the parties would leave the record open, and that she would complete the deposition in the fall. Defendant provided the Court with the relevant portion of the deposition transcript.

The Court granted defendant's motion for sanctions, in part. Defendant had requested dismissal, but instead the Court fined plaintiff $500.00, payable to the Clerk of Court, and ordered

her to pay the fees defendant incurred in pursing its motion to compel and motion for sanctions. The Court also ordered plaintiff to fully and completely respond, without any objections, to defendant's written document requests on or before 4:00 p.m. on Friday, November 9, 2012. She was also ordered to sit for deposition on or before November 21, 2012. Plaintiff was warned in the written Order that **"her failure to comply fully and timely with the terms of this Memorandum and Order will result in dismissal of this action with prejudice."** See Doc. 80 (emphasis in original). Plaintiff was also warned orally from the bench of the need to comply with the Court's orders and the consequences if she failed to do so.

Plaintiff provided defendant with her written responses to defendant's document requests late, at 4:41 p.m. on Friday, November 9, 2012. On November 20, 2012, defense counsel resumed plaintiff's deposition as ordered. During her deposition, plaintiff testified that she remembered for the first time the identity of the healthcare provider who had provided her with counseling services in 2009 for the emotional distress she alleged she suffered as a result of defendant's discriminatory actions. Plaintiff, however, refused to execute an authorization for the release of records from this provider. In addition, when asked whether she had completed a review of her own documents to determine if she had produced all documents responsive to defendant's document requests, plaintiff responded that she had not because they numbered in the thousands.

On November 26, 2012, defendant filed the motion for sanctions which is presently before the Court. That same day, plaintiff also filed a motion for sanctions against defense counsel, Travis Kearbey and Dennis Donnelly. In her motion, plaintiff maintains defense counsel breached their duty of candor with the Court and that they perpetrated fraud on the Court based on statements they made in defendant's motion to compel the deposition testimony of Christine Hart – a motion which

was filed on November 9, 2012. During her deposition, Christine Hart, who is also a professor at Webster University and a colleague of plaintiff, refused to testify on a number of issues on the basis that she and plaintiff had an attorney-client relationship. In its motion to compel, defense counsel stated that they were unaware of this relationship until the time of the deposition. Plaintiff maintains this statement was untruthful because defense counsel knew of the attorney-client relationship between herself and Prof. Hart from her written discovery responses. Plaintiff argues in her motion that this alleged misrepresentation warrants sanctions.

On November 28, 2012, defendant, as ordered, filed a statement of the attorneys' fees it had incurred in pursuing its motion to compel and first motion for sanctions. The statements showed that defendant had incurred $12,438.30 in fees in pursing these two motions. In the narrative section of the document, however, defendant stated that it was only seeking an amount of $10,000.00. The undersigned found this amount to be reasonable and supported by the documentation. The Court ordered that plaintiff pay to defendant Webster University the sum of $10,000.00 by January 2, 2013, as a sanction pursuant to Federal Rules of Civil Procedure 37 and 30. Plaintiff was also ordered to file a written notice with the Court stating that she had done so. The deadline to pay the attorneys' fees passed and plaintiff did not submit payment to defendant. She also did not file a notice with the Court or request relief or modification of the Court's Order.

On January 8, 2013, the Court held a hearing on the two motions for sanctions.[1] Plaintiff was present at the hearing but was represented by attorney Jaclyn Zimmermann, who had entered an appearance on plaintiff's behalf on December 14, 2012. In response to defendant's motion for

---

[1]The Court also heard arguments on defendant's motion to compel the testimony of Professor Hart and to exclude Professor Hart as an expert witness. The Court granted defendant's motion to exclude Professor Hart as an expert witness and took the other motion under submission.

sanctions, Ms. Zimmermann represented to the Court that the prior week plaintiff had finally provided defendant with a signed authorization to obtain records from the counselor in question. She also stated that plaintiff had provided defendant with all responsive documents to its discovery requests. With respect to the fee award sanction, Ms. Zimmermann stated that plaintiff was financially unable to pay the $10,000.00 in fees to defendant, but that she had proposed a payment plan of $100.00 per pay period which defendant had rejected. Ms. Zimmermann did not provide any documentation of plaintiff's inability to pay.

As for arguments on plaintiff's motion for sanctions, Ms. Zimmermann stated that the motion was made prior to her entry in the case, and she asked the Court to decide the motion on plaintiff's pro se written memoranda. Defense counsel responded that they believed the motion was entirely without merit because plaintiff had taken inconsistent positions as to her relationship with Professor Hart. They argued that throughout this litigation plaintiff has identified Professor Hart as a fact witness who would have relevant information about the alleged discrimination, as well as relevant documents. Professor Hart is also a colleague of plaintiff's, and defendant's employee. Defendant also argued there are procedural reasons for denying plaintiff's motion for sanctions.

After giving the parties ample opportunity to be heard, the Court took the motions under submission.

## *II. Defendant's Motion for Sanctions*

Defendant requests that the Court dismiss plaintiff's claims with prejudice pursuant to Rule 37 of the Federal Rules of Civil Procedure. Rule 37 authorizes the district courts to impose sanctions upon parties who fail to comply with discovery orders, but dismissal may be considered as a sanction only if there is (1) an order compelling discovery, (2) a willful violation of that order, and (3)

prejudice to the other party.  Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000).  A dismissal with prejudice is "an extreme sanction," and "should be used only in cases of willful disobedience of a court order or where a litigant exhibits a pattern of intentional delay." Hunt v. City of Minneapolis, 203 F.3d 524, 527 (8th Cir. 1999).  "This does not mean that the district court must find that the appellant acted in bad faith, but requires 'only that he acted intentionally as opposed to accidentally or involuntarily.'"  Hunt, 203 F.3d at 527 (citing to Rodgers v. University of Mo., 135 F.3d 1216, 1219 (8th Cir. 1998)).  Where a court gives meaningful notice of what is expected of pro se litigants, initially imposes less stringent sanctions when plaintiffs fail to cooperate, and warns them that their failure to comply with subsequent court orders would result in "dismissal of their action," dismissal is proper.  Farnsworth v. City of Kansas City, 863 F.2d 33, 34 (8th Cir. 1988) (per curiam).

Before imposing the sanction of dismissal, "fairness requires a court to consider whether a lesser sanction is available or appropriate."  Keefer v. Provident Life and Acc. Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000).  A district court, however, need not impose the least onerous sanction available, but the most appropriate under the circumstances.  Id.  See also In re Popkin & Stern, 196 F.3d 933, 938 (8th Cir. 1999) (the "sanction must be proportionate to the litigant's transgression."). Also, when a litigant's conduct "abuses the judicial process, the remedy of dismissal is within the inherent powers of the court." Keefer, 238 F.3d at 941.

In the case at bar, the Court finds plaintiff has willfully disregarded the Court's orders.  Plaintiff was ordered to fully respond to defendant's written document requests, including executing the appropriate authorizations for records, at least three times: on September 27, 2012, November

7, 2012 (orally from the bench), and November 8, 2012. In at least two written orders plaintiff was warned that her failure to comply would result in dismissal.

The Court also finds defendant has been prejudiced by plaintiff's actions. Defendant waited over eight months to get written discovery responses from plaintiff, and it received plaintiff's responses only after filing a motion to compel and a motions for sanctions. When defense counsel finally resumed plaintiff's deposition in November 2012, after having to file a motion to do so, defendant learned that plaintiff had not been forthright in her discovery responses. At that time, plaintiff finally disclosed the name of the provider from whom she had received counseling for her emotional distress, and still she refused to execute an authorization for the release of records from this provider.

The discovery deadline has closed in this case, which the Court has already extended on account of plaintiff's delays, and the dispositive motion deadline is fast approaching, which also has been extended. As a result of plaintiff's willful disregard of her discovery obligations and Court orders, defendant's ability to defend this suit has been seriously hampered. Defense counsel has not been able to obtain records from a counselor who treated plaintiff for emotional distress, nor have they been able to take this counselor's deposition. Time and money have been wasted, and defendant still does not have all the information it needs to file a motion for summary judgment or go to trial.

The only mitigating factor here is the fact that after appointed counsel entered her appearance, plaintiff agreed to execute the authorization for records for the provider. That said, it was too little too late. As stated above, discovery has closed and the dispositive motion deadline is

8

only a few days away. Furthermore, the Court has extended these deadlines more than once on account of plaintiff's derelict actions.

The Court finds that during the course of this litigation plaintiff has been deliberately evasive. She has willfully and unreasonably delayed these proceedings. The Court has considered but finds no other sanction short of dismissal that is appropriate at this time. The Court acknowledges plaintiff has proceeded pro se during the majority of this litigation, and it also recognizes that justice favors hearing cases on the merits, but the Court believes there is no other sanction that would deter plaintiff from continuing to abuse the discovery process. Plaintiff has been plainly warned both verbally and in written orders that she must comply with Court orders and her discovery obligations, and she has even been fined – all to no avail. Plaintiff remains steadfast in her defiance to the rules and orders of this Court. The Court, therefore, finds that the only appropriate sanction at this junction is dismissal with prejudice.

### III. Plaintiff's Motion for Sanctions

The Court has reviewed plaintiff's motion for sanctions and the detailed memoranda in support and in opposition, and finds the motion to be entirely without merit and bordering on frivolous. Throughout this litigation plaintiff has identified Professor Hart as a fact witness. Professor Hart is plaintiff's colleague and works in the same department at Webster. She is a professor, not a legal practitioner. Professor Hart is also defendant's employee. The Court has reviewed plaintiff's discovery responses from which plaintiff argues defense counsel was put on notice that Professor Hart was her attorney. The Court finds plaintiff's written responses to be cryptic, offering little, if any, notice that there was an attorney-client relationship between plaintiff and Professor Hart. In sum, there is nothing in the record to suggest that Messrs. Kearbey and

Donnelly made misrepresentations to the Court in defendant's motion to compel the deposition testimony of Christine Hart.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Webster University's second motion for sanctions is **GRANTED**.  Plaintiff's claims against defendant Webster University are **DISMISSED** with prejudice.  [Doc. 91]

**IT IS FURTHER ORDERED** that plaintiff Tracey McCarthy's motion for sanctions is **DENIED**.  [Doc. 94]

**IT IS FURTHER ORDERED** that defendant Webster University's motion to compel the deposition testimony of Christine Hart is **DENIED** as moot.  [Doc. 83]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this ____10th____ day of January, 2013.