UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRACEY MCCARTHY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:11-CV-1614 CAS |
| | ) | |
| WEBSTER UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This closed matter is before the Court on plaintiff's two pro se motions pursuant to Rule 60 of the Federal Rules of Civil Procedure. Plaintiff filed a "Rule 60 Motion for Relief from Judgment and Order", in which she requests relief "From the Court's November 7, 2012 Judgment and Order of sanctions upon plaintiff in response to Defendant's October 25, 2012 Motion for Sanctions." Defendant Webster University filed a memorandum in opposition to the motion. Plaintiff then filed a second "Rule 60 Motion for Relief from Judgment and Order", which appears to be nearly identical. For the following reasons, the motions will be denied.

*Background*

Plaintiff, who is a tenured associate professor of legal studies, initially filed her employment discrimination complaint against Webster University on September 16, 2011. At the time her complaint was filed, plaintiff was represented by attorney Donnell Smith. The parties proceeded to discovery and on April 2, 2012, the case was referred to mediation pursuant to the Case Management Order. Mr. Smith moved to withdraw from this case following mediation. It was apparent that the attorney-client relationship had broken down, and on July 10, 2012, the Court

granted plaintiff a 30-day withdrawal period to find a new attorney. No other attorney entered an appearance, therefore, plaintiff proceeded with this case pro se.

On August13, 2012, defendant filed a motion to compel. Plaintiff had not provided defendant with written responses to its documents requests, which were served when plaintiff was represented by counsel, and plaintiff had not executed full medical releases, as required. On September 25, 2012, the Court held a hearing on the motion to compel, despite being properly noticed, plaintiff did not appear for the hearing. The Court heard argument on defendant's motion and granted the motion. Plaintiff was ordered to provide defendant with written responses to defendant's request for production of document and all documents responsive to document request No. 6. She was also ordered to execute full medical record authorizations. Plaintiff was warned in the Order that her failure to comply might result in dismissal. Plaintiff did not comply with the terms of this Order. Plaintiff did execute medical releases, but she only provide written responses to four of the fifty-eight document requests.

On October 2, 2012, defendant served plaintiff with a deposition notice to take her deposition on October 22, 2012. Defense counsel did take plaintiff's deposition in May 2012, but at the time he was unable to complete the deposition. Plaintiff agreed on the written record that the parties would leave the record open, and that she would complete the deposition at a later date. Plaintiff did not file a motion for a protective order in response to the October 2, 2012 deposition notice, and she did not appear for her deposition.

On October 25, 2012, defendant filed a motion for sanctions asking that the Court dismiss plaintiff's case for her failure to comply with the Court's Order and her discovery obligations, including failing to appear for deposition. The Court held a hearing on the motion on November 7,

2012. At the hearing, plaintiff had no valid excuse for failing to comply with the Court's Order. She stated that she did not fully understand what she had been ordered to do. She also laid part of the blame on her former counsel.

The Court granted defendant's motion for sanctions, in part. Defendant had requested dismissal, instead the Court fined plaintiff $500.00, and ordered her to pay the fees defendant incurred in pursuit of its motion to compel and motion for sanctions.[1] The Court also ordered plaintiff to fully and completely respond, without any objections, to defendant's written document requests. She was ordered to sit for the completion of her deposition. Plaintiff was warned in the written Order that **"her failure to comply fully and timely with the terms of this Memorandum and Order will result in dismissal of this action with prejudice."** See Doc. 80 (emphasis in original).

Plaintiff provided defendant with her written responses to defendant's document requests, and defense counsel resumed plaintiff's deposition as ordered. During her deposition, plaintiff testified that she remembered for the first time the identity of a provider who had counseled plaintiff in 2009 for the emotional distress she alleged she incurred as a result of defendant's discriminatory actions. Plaintiff refused to execute an authorization for the release of records from this provider. In addition, when asked whether she had completed a review of her own documents to determine if she had produced all documents responsive to defendant's document request, plaintiff responded that she had not because they numbered in the thousands.

---

[1] On December 11, 2012, after reviewing defendant's documentation, the Court ordered that plaintiff pay to defendant Webster University on or before January 2, 2013, the sum $10,000.00 for the fees it has incurred in bringing the two motions. The deadline to pay the fee passed and plaintiff did not pay. She did not request relief or modification of the Court's Order.

On November 26, 2012, defendant filed another motion for sanctions. That same day plaintiff also filed a motion for sanctions against defense counsel, Travis Kearbey and Dennis Donnelly. In her motion, plaintiff maintains defense counsel breached their duty of candor with the Court and that they perpetrated fraud on the Court.

On January 8, 2013, the Court held a hearing on the two motions for sanctions. Plaintiff was represented by attorney Jaclyn Zimmermann, who had entered an appearance on plaintiff's behalf on December 14, 2012.

On January 10, 2013, the Court denied plaintiff's motion for sanction, finding it was entirely without merit and bordered on frivolous. In the same Memorandum and Order, the Court granted defendant's motion for sanctions and dismissed plaintiff's cause of action. The Court considered whether a lesser sanction is available or appropriate, but ultimately concluded that dismissal was warranted. The Court noted that plaintiff had willfully disregarded a number of Court orders, and that she was warned that failure to comply might result in dismissal. The Court found defendant had been prejudiced by plaintiff's deliberately evasive conduct. Furthermore, the Court noted that plaintiff had been plainly warned, both verbally and in written orders, that she must comply with court orders and her discovery obligations, and she had even been fined to no avail. The Court concluded the appropriate sanction was dismissal. Plaintiff did not file a notice of appeal. Instead she filed two motions for relief from final judgment, which are presently before the Court.

## *Discussion*

A party in federal court may seek relief from final judgment pursuant to Federal Rule of Civil Procedure 60(b). Federal Rule of Civil Procedure 60(b) relieves a party from a final judgment or order on one of six specified grounds:

4

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Relief under Rule 60(b) is limited. A district court should grant a Rule 60(b) motion only upon an adequate showing of exceptional circumstances. Schwieger v. Farm Bureau Ins. Co. of Neb., 207 F.3d 480, 487 (8th Cir. 2000); Richards v. Aramark Srvs., Inc., 108 F.3d 925, 927 (8th Cir. 1997) (internal quotations and citations omitted). Rule 60(b) authorizes relief based on certain enumerated circumstances. "It is not a vehicle for simple reargument on the merits." Broadway v. Norris, 193 F.3d 987, 990 (8th Cir. 1999). Fed. R. Civ. P. 60(b)(5). Furthermore, "[t]he movant must establish its right to such relief by clear and convincing evidence." Stokors S.A. v. Morrison, 147 F.3d 759, 761 (8th Cir. 1998) (quoting United States v. Denham, 817 F.2d 1307, 1309 (8th Cir. 1987)). Rule 60(b) motions are viewed with disfavor and are addressed to the Court's discretion. Rosebud Sioux Tribe v. A & P Steel, Inc., 733 F.2d 509, 515 (8th Cir. 1984).

In her motions, plaintiff asks for relief based on "mistake, inadvertence, confusion, neglect, and misconduct." See Docs. 142 and 146 at 2. She argues that she had the "lack of appropriate representation and legal counsel." See Doc. 143 at 3. Plaintiff faults her counsel, Donnell Smith,

5

for not serving written discovery requests, failing to respond to defendant's written document requests. She also points to miscommunications with her counsel, Mr. Smith. In addition, plaintiff asserts defendant is partly to blame for the sanctions that were imposed against her. She argues that defense counsel should have scheduled an in person meeting with her so that she could have seen what documents they had. She also faults defense counsel for delaying in filing a motion to compel written document responses. In her motion plaintiff also seeks to revisit issues such as the medical releases she executed, healthcare records that were produced, the group therapy session, her deposition, the telephone number she provided for the record, and mediation.

There is nothing in plaintiff's motions what warrants Rule 60(b) relief. Plaintiff asserted many of her current arguments when she opposed defendant's motions for sanctions, or they were raised in the numerous other filings she has made with the Court, including her own motion for sanctions. For example, in December 2012, in responding to defendant's Motion to Dismiss as a Sanction for Non-Compliance with Court Orders, plaintiff blamed her attorney, Mr. Smith, for her failure to provide appropriate written discovery responses.

The Court has already considered and ruled upon plaintiff's assertions about discovery compliance, her deposition, her production of medical information – including information about the group therapy session – and telephone number of record she provided. See Docs. 61, 80, 133. Thus, plaintiff's continued focus on these matters amounts to a challenge to what plaintiff apparently considers judicial error. "A Rule 60(b) motion is not the vehicle for restating old complaints and rearguing old evidence dealt with earlier in the proceedings." In re Kieffer-Mickes, Inc. (In re Kieffer-Mickes, Inc.), 226 B.R. 204, 210 (B.A.P. 8th Cir.1998) (citing Design Classics v. Westphal (In re Design Classics), 788 F.2d 1384, 1386 (8th Cir. 1986) (stating that the proper vehicle for addressing concerns such as these is the direct appeal).

As for the misdeeds she attributes on Mr. Smith, aside from them being previously raised before the Court, they do not warrant relief pursuant to Rule 60(b). The Eighth Circuit has consistently held that "Rule 60(b) has never been a vehicle for relief because of an attorney's incompetence or carelessness." Inman v. American Home Furniture Placement, Inc., 120 F.3d 117, 119 (8th Cir. 1997) (quoting Sutherland v. ITT Continental Baking Co., 710 F.2d 473, 476-77 (8th Cir. 1983)). "It is well-settled that a party is bound by the actions of her attorney." Nolting v. Yellow Freight Sys., Inc., 799 F.2d 1192, 1200 (8th Cir. 1986) (quoting Link v. Wabash Railroad Co., 370 U.S. 626, 634 (1962)). Plaintiff voluntary chose her attorney, who she later fired. What is more, plaintiff's cause of action was not dismissed on account of Mr. Smith's inaction. Mr. Smith withdrew from the case in June 2012. The Court gave plaintiff numerous opportunities in the latter half of 2012 to remedy the discovery failures that plaintiff claims Mr. Smith created.

Rule 60(b) motions are disfavored and should only be granted under "exceptional circumstances." Schwieger, 207 F.3d at 487; Richards, 108 F.3d at 927. Plaintiff has made no showing that she is entitled to Rule 60(b) relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Rule 60 Motions for Relief from Judgment are **DENIED.** [Docs. 142 and 146]

**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  14th   day of October, 2014.