# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| TRACEY MCCARTHY, | ) |
|      Plaintiff, | ) |
| | )    No. 4:11-CV-1614 CAS |
| v. | ) |
| WEBSTER UNIVERSITY, | ) |
|      Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Webster University Motion to Tax Costs to Plaintiff. Webster University filed a bill of costs seeking a total of $10,435.65 in costs. For the following reasons, defendant's motion will be granted in part.

It is presumed that a prevailing party is entitled to costs. See Federal Rule of Civil Procedure 54(d); Bathke v. Casey's General Stores, Inc., 64 F.3d 340, 347 (8th Cir. 1995). "When an expense is taxable as a cost, . . . there is a strong presumption that a prevailing party shall recover it in full measure." Concord Boat Corp. v. Brunswick Corp., 309 F.3d 494, 498 (8th Cir. 2002) (internal quotation omitted). "The losing party bears the burden of making the showing that an award is inequitable under the circumstances." Id. (internal citation and quotation omitted). Allowable costs, however, are generally limited to the categories set forth in 28 U.S.C. § 1920. Expenses not on the statutory list must be borne by the party incurring them. Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442-43 (1987). Pursuant to Federal Rule of Civil Procedure 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. Farmer v. Arabian Am. Oil Co., 379 U.S. 227, 232-33, 235 (1964); Alexander v. National Farmers Org., 696 F.2d 1210, 1212 (8th Cir. 1982); Davis v. Parratt, 608 F.2d 717, 718 (8th Cir. 1979).

Here, Webster University has requested several categories of costs: fees to the clerk; fees for service of summons and subpoena; deposition costs, including transcripts and court reporter fees; photocopying expenses; fees for witnesses; mediation costs; and shipping expenses.  Plaintiff did not file objections to the bill of costs, however, the Court finds Webster University is seeking costs to which it is not entitled.  More specifically, the Eighth Circuit has held that a mediator's fees do not constitute an item of taxable cost under 28 U.S.C. § 1920.  Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002).  Further, this Court's Local Rules state that, generally, each party will bear the cost of mediation. Therefore, the Court will subtract One Thousand Fifty Dollars ($1050.00), the cost of mediation, from defendant's bill of cost.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Webster University's Motion to Tax Costs to Plaintiff is **GRANTED** in part. [Doc. 149]  The Clerk of the Court shall tax costs of this matter in favor of defendant Webster University in the amount of Nine Thousand Three Hundred Eighty-Five Dollars and Sixty-Five Cents ($9,385.65).

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of October, 2014.